RCVD - USDC - CHAS, SC
2026 NOV 9 PM3:48

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

SHARON Lorraine Gilliard

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

Marine Terminals Corporation East

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. 2:26-cv-05566-RMG-TER
*(to be filled in by the Clerk's Office)*

Jury Trial: ☐ Yes ☐ No
*(check one)*

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sharon Lorraine Gilliard |
| Street Address | 54 Dunnemann Avenue |
| City and County | Charleston |
| State and Zip Code | South Carolina 29403 |
| Telephone Number | 843-607-0203 |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Marine Terminals Corporation East |
| Job or Title (if known) | |
| Street Address | 1000 Remount Road, Building 586 |
| City and County | North Charleston, Charleston |
| State and Zip Code | South Carolina 29406 |
| Telephone Number | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Defendant No. 3

| | |
|---|---|
| Name | |

Job or Title (if known) ______________________
Street Address ______________________
City and County ______________________
State and Zip Code ______________________
Telephone Number ______________________

Defendant No. 4

Name ______________________
Job or Title (if known) ______________________
Street Address ______________________
City and County ______________________
State and Zip Code ______________________
Telephone Number ______________________

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e et seq., including federal prohibitions against employment discrimination based on sex, race, and color and retaliation for opposing unlawful employment practices.

**B. If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ________________________, is a citizen of the State of *(name)* ________________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ________________________, is incorporated under the laws of the State of *(name)* ________________________, and has its principal place of business in the State of *(name)* ________________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ________________________, is a citizen of the State of *(name)* ________________________. *Or* is a citizen of *(foreign nation)* ________________________.

b. If the defendant is a corporation

The defendant, *(name)* ________________________, is incorporated under the laws of the State of *(name)* ________________________, and has its principal place of business in the State of *(name)* ________________________. *Or* is incorporated under the laws of *(foreign nation)* ________________________, and has its principal place of business in *(name)* ________________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

______________________________________________

______________________________________________

______________________________________________

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On November 28, 2025 I was working aboard a vessel/At the Port of Chas
I reported unwanted contact with (AOM) Clyde Jenkins, was acknowledge
by the employer that I complained to management, I was relieved of my duties
before the end of the shift, I had a grievance by the board in Dec '25
I pursued EEOC Charge 415-2025 62365 · On/March 25 retaliation

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Possible relief under Title VII includes lost wages,
compesatory damages where legally available, appropriate
injunctive relief, court cost, and other remedies authorized
by law.

______________________________________________

**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA — CHARLESTON DIVISION**

SHARON GILLIARD, Plaintiff,

v.

MARINE TERMINALS CORPORATION EAST, Defendant.

Civil Action No.: To be assigned by Clerk

**PROPOSED PRO SE COMPLAINT — TITLE VII**

**JURY TRIAL DEMANDED — subject to Plaintiff's approval**

**REVIEW COPY — NOT FOR FILING UNTIL SHARON CONFIRMS THE ALLEGATIONS, SIGNS, AND VERIFIES THE RECEIPT DATE.**

## Parties, jurisdiction, venue, and administrative proceedings

1. Plaintiff Sharon Gilliard resides at 54 Dunnemann Avenue, Charleston, South Carolina 29403, as listed on the EEOC Notice dated August 11, 2026.

2. Defendant Marine Terminals Corporation East ("MTC East") is the respondent named in EEOC Charge 415-2025-02365. Its address listed on the Notice is 1000 Remount Road, Building 586, North Charleston, South Carolina 29406. This is a correspondence address and has not been independently verified as the registered-agent service address.

3. This proposed action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Jurisdiction is invoked under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proposed in this district because the conduct described in the employer's position statement occurred during work at the Port of Charleston, South Carolina.

5. Plaintiff filed EEOC Charge No. 415-2025-02365. The EEOC issued its Determination and Notice of Rights on August 11, 2026, signed by Director Jennifer Bessick. The Notice states that a lawsuit must be filed within 90 days of receipt. The date and method of Sharon Gilliard's actual or legally presumed receipt have not yet been established in the materials supplied. Timeliness must be verified before filing.

## Factual background — allegations requiring Plaintiff's confirmation

6. The April 10, 2026 position statement submitted by MTC East's counsel identifies Plaintiff as a longshore worker dispatched through International Longshoremen's Association Local 1422 who performed work on automobile vessels at the Port of Charleston.

7. That position statement reports an incident on November 28, 2025, aboard a vessel identified as the Morning Lisa, when Plaintiff was working among vehicles being secured for shipment.

8. The employer acknowledges that Plaintiff reported alleged unwanted physical contact by Assistant Operations Manager Clyde Jenkins. Its account disputes that the contact was intentional and disputes Plaintiff's description of the location of the contact. Plaintiff's firsthand account,

including the nature and location of the contact and why it was sex-based, must be confirmed before this paragraph is adopted as her allegation.

9. The employer's statement identifies Operations Manager Jonathan Floyd as the person to whom the alleged contact was reported, and states that Floyd instructed Jenkins to avoid contact with Plaintiff.

10. The employer acknowledges that Plaintiff was removed from the vessel about one hour before the end of her shift on November 28, 2025. It contends that the removal was for an alleged safety incident on a vehicle ramp, and denies retaliatory motive. Plaintiff's response to that stated reason and any evidence of retaliatory motive must be obtained before asserting pretext.

11. The employer's position statement identifies Plaintiff's EEOC allegations as sex, race, color discrimination, and retaliation. It disputes whether the charge contains sufficient supporting race- or color-based facts. The original EEOC charge is needed to establish Plaintiff's precise allegations and the scope of administrative exhaustion.

12. The employer submitted a grievance committee record concerning the November 28 incident. Its position statement reports a December 19, 2025 grievance hearing and states that the contractual harassment allegation was rejected. The grievance record states that the retaliation matter was to be heard separately. The ultimate disposition of that separate grievance is not established here.

## Proposed legal claims — do not file without Plaintiff's factual confirmation

COUNT I — Title VII sex discrimination / alleged sex-based harassment

13. Plaintiff seeks to assert that unwelcome, sex-based conduct occurred in her workplace. The present record documents that a complaint was made and disputed, but does not establish Plaintiff's complete factual account or the facts necessary to plead an actionable Title VII theory. Those facts must be supplied and approved by Plaintiff.

COUNT II — Title VII retaliation

14. Plaintiff seeks to assert that she complained about conduct she believed constituted unlawful harassment and was removed from work later that day. Defendant disputes causation and attributes the removal to a safety issue. Before filing, Plaintiff must confirm her protected complaint, the decisionmakers' knowledge, the materially adverse consequences, and the facts supporting a retaliatory inference.

COUNT III — Title VII race and color discrimination

15. The employer reports that race and color were checked on the EEOC charge. No specific firsthand race- or color-based facts have been supplied to support a separate court claim. This proposed count must not be asserted without review of the original charge and Plaintiff's factual support.

## Requested relief

16. Subject to proof and applicable law, Plaintiff seeks appropriate declaratory and injunctive relief, lost earnings and benefits if established, compensatory damages if available, litigation

costs, and any further relief the Court deems proper. Punitive damages are requested only if supported by evidence and authorized by law.

## Jury demand

Plaintiff requests a jury trial on all issues triable of right by jury, subject to her approval of this pleading.

## Pro se signature

Sharon Gilliard — Plaintiff, proceeding pro se

54 Dunnemann Avenue, Charleston, SC 29403

Plaintiff must personally sign and date the filed complaint. Her current telephone number and email, if required by court rules, must be supplied by her; neither is present in the source documents.

## Documents and outstanding verification

• EEOC Determination and Notice of Rights, issued August 11, 2026 (text provided in conversation).

• Respondent position statement by Mary-Ann P. Czak, Husch Blackwell LLP, April 10, 2026 (15-page supplied PDF).

• Original EEOC Charge of Discrimination: not supplied.

• RTS actual receipt / electronic delivery evidence: not supplied.

• Sharon's signed firsthand statement and evidence concerning November 28, 2025: not supplied.

• Any existing federal or state case concerning the same incident, and arbitration orders: not verified.

• Filing fee or application to proceed without prepaying fees, civil cover sheet, and summons: separate court forms required.

This document is a source-grounded working draft, not a representation that the missing facts have been established. MCM is not counsel of record and cannot sign or appear for Plaintiff in federal court.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Nov 9, 2026

Signature of Plaintiff Sharon Lorraine Gilliard

Printed Name of Plaintiff SHAron Lorrane Gilliard

### B. For Attorneys

Date of signing: __________, 20__.

Signature of Attorney ______________________

Printed Name of Attorney ______________________

Bar Number ______________________

Name of Law Firm ______________________

Address ______________________

Telephone Number ______________________

E-mail Address ______________________